UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TVAR L. JACKSON; BARRY J. GARDNER; and ISRAEL L. JONES,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br><br>SPOKANE COUNTY; STEVEN KYLE TREECE; and STEVE TUCKER,<br><br>　　　　　　　　Defendants. | NO: 2:14-CV-142-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Summary Judgment, ECF No. 18. Oral arguments were heard on this matter on November 10, 2015. This Court has reviewed the record and the pleadings contained therein and is fully informed.

## BACKGROUND

On May 13, 2014, Plaintiffs filed a Complaint in this action seeking damages for unlawful arrest in violation of their civil rights from Defendants

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT~ 1

Stephen Treece and Steve Tucker, for violation of due process from Defendants Treece and Tucker, from Tucker for false arrest and/or false imprisonment, assault, and outrage; and from Spokane County for the actions of its agents, Treece and Tucker. *See* ECF No. 1 at 8-10.

According to Plaintiffs' Complaint, on April 17, 2013, they simply had been present at the Spokane County Courthouse to attend the trial of John Castro for the crime of murder and were sitting together at the back of the courtroom. *See* ECF No. 1 at 4-5. Following the testimony of one witness, Dennis Bryant, Plaintiffs allege that Defendant Stephen Treece, a Spokane County deputy prosecutor, texted a Spokane police officer, Sergeant Whol, falsely claiming that Plaintiffs were affecting Bryant's testimony, which set into motion an investigation that led to Plaintiffs being arrested for the crimes of witness tampering and/or witness intimidation. *See* ECF No. 1 at 4-5.

Defendants filed the present Motion for Summary Judgment on all of Plaintiffs' claims following a stipulated extension of time to file, ECF No. 18.  In response to Defendants' Motion for Summary Judgment, ECF No. 18, Plaintiffs conceded that they lack evidence for their claims against Defendants Tucker and Spokane County brought pursuant to 42 U.S.C. § 1983, their claims for intentional infliction of emotional distress (to which they initially referred to as "outrage"), and the unlawful arrest claim against Treece. *See* ECF No. 31.  Plaintiffs

simultaneously submit that they lack evidence for an unlawful arrest claim against Treece, but continue to pursue their claim against him under 42 U.S.C. § 1983, seemingly due to what they see as his role in an allegedly unlawful arrest. *Id.*

Accordingly, this Court must consider Defendants' Motion for Summary Judgment only regarding the remaining claims: against Treece for violation of Plaintiffs' civil rights under 42 U.S.C. § 1983, against Treece and Spokane County for false imprisonment under state law, and against Treece and Spokane County for malicious prosecution. This Court has original jurisdiction over Plaintiffs' 42 U.S.C. § 1983 claim, *see* 28 U.S.C. § 1331, and exercises supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 in the interest of judicial economy.

## ANALYSIS

The moving party is entitled to summary judgment when there are no disputed issues of material fact when all inferences are resolved in favor of the non-moving party. *Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F. 3d 1467, 1471 (9th Cir. 1994); FED. R. CIV. P. 56(c). If the non-moving party lacks support for an essential element of their claim, the moving party is entitled to judgment as a matter of law regarding that claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323. Importantly, at the summary judgment stage, the Court does

not weigh the evidence presented, but instead assumes its validity and determines whether it supports a necessary element of the claim. *Id*.

In order to survive a motion for summary judgment once the moving party has met their burden, the nonmoving party must demonstrate that there is probative evidence that would allow a reasonable jury to find in their favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986). A nonmoving party "cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

Prior to assessing the viability of each of Plaintiffs' remaining claims, this Court recognizes that Plaintiffs have agreed to Defendants' summary of facts with the following exceptions:

> The statements by Treece to law enforcement were complete falsehoods. Plaintiffs did not make any gestures or loud noised [sic] during Mr. Bryant's testimony or otherwise do anything to try to influence his testimony at trial. (Declaration of T. Jackson, ECF# 28, p. 2, lns. 9 - 15; Declaration of B. Gardner, ECF# 29, p. 2, lns. 22 - 28; Declaration of I. Jones, ECF# 27, p. 2, lns. 15 - 24). Dennis Bryant did not change his demeanor during his testimony. He was uncooperative and hostile toward the prosecution throughout his testimony and had given every indication in a pre-trial interview that he would not be cooperative as a witness at trial. (Declaration of T. Note, ECF# 30, p. 2, lns. 6 - 11).

ECF No. 31 at 2. Applying the summary judgment standard, this Court must find whether or not these facts are truly in dispute, and if so, whether the facts, taken in

the light most favorable to Plaintiffs, provide probative evidence that would allow a reasonable jury to find in their favor. *See Anderson*, 477 U.S. at 251.

First, Plaintiffs allege that Treece's statements to law enforcement were complete falsehoods but fail to provide sufficient evidence by which a reasonable jury could find that to be the case. Plaintiffs provide bare conclusory assertions that Treece did not observe them disrupting court because they were not doing anything beyond observing court, *see e.g.*, ECF Nos. 27-29, but fail to provide evidence raising a genuine issue of material fact showing the invalidity of Treece's beliefs of what he perceived.

Summary judgment is appropriate when a plaintiff does not make a "substantial showing" of deliberate falsehoods or reckless disregard, and only offers unsubstantiated assertions of dishonesty. *See Cassette v. King Cty.,* 625 F. Supp. 2d 1084, 1090 (W.D. Wash. 2008) *aff'd,* 338 F. App'x 585 (9th Cir. 2009) (citing *Mosley v. Sacramento County,* 61 Fed. Appx. 382 (9th Cir.2003)). Plaintiffs' failure to provide evidence of Treece's alleged dishonesty requires this Court to hold that Plaintiffs have failed to meet their evidentiary burden, especially when coupled with a follow-up investigation that involved numerous witnesses

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT~ 5

that led to a finding of probable cause by a district court judge who issued arrest warrants, *see* ECF No. 19 at 4.

Plaintiffs also argue that Dennis Bryant, the witness whom Treece thought Plaintiffs were trying to intimidate, did not change his demeanor during his testimony and was instead uncooperative and hostile from the start of his testimony. ECF No. 31 at 2. However, Treece believed Bryant had changed his demeanor since testifying in a previous trial in which Bryant had been cooperative and willing to share details with the Court, not that he had changed his demeanor from earlier on the same day. *See* ECF No. 19 at 3. Plaintiffs do not argue or provide any evidence that Bryant's demeanor had not changed since the prior proceeding. Therefore, the validity of Treece's belief that Bryant's demeanor had changed since the prior proceeding is not a genuine issue of material fact.

In light of these findings alone, this Court finds that granting summary judgment regarding the remaining claims against Treece and Spokane County is appropriate due to a lack of evidence. Therefore, the Court finds that Plaintiffs' bare assertions that Treece was lying, which is the factual basis for all of Plaintiffs' claims against Treece, lack requisite factual support, and therefore, all of the claims against Treece should be dismissed. Arguendo, the Court will accept all of Plaintiffs' conclusory statements as true and assess each of Plaintiffs' claims to

determine if those assumed facts would be sufficient to prove the necessary elements of Plaintiffs' claims.

**42 U.S.C. § 1983 claim against Treece**

42 U.S.C. § 1983 provides a cause of action for Plaintiffs in a very broad sense as it states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161, 112 S. Ct. 1827, 1830, 118 L. Ed. 2d 504 (1992) (citing *Carey v. Piphus,* 435 U.S. 247, 254–257, 98 S.Ct. 1042, 1047–1049, 55 L.Ed.2d 252 (1978)).

Plaintiffs' basis for a claim against Treece for a violation of their rights under 42 U.S.C. § 1983 is not clear.  This Court relies on Plaintiffs' assertion in their Response to Defendants' Motion for Summary Judgment that "Treece can be held liable in his individual capacity under 1983 if the jury finds that he knowingly lied to the police." ECF No. 31 at 9.  Despite dropping their state law claim for unlawful arrest, the same allegation seems to serve as the basis for their claim

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT~ 7

against Treece under § 1983 for his texting a police officer that he thought a crime was being committed. The first issue that the Court will address is whether Treece, as a county prosecutor, has immunity from liability for damages.

Prosecutors are protected by absolute immunity from liability for damages arising under § 1983 claims "when performing the traditional functions of an advocate." *Kalina v. Fletcher,* 522 U.S. 118, 131, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *see also Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976) (holding that ". . . [I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"). However, courts make this determination based on the nature of the alleged conduct, in light of the fact that "actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) (citing *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993)). Further, "§ 1983 may provide a remedy . . . insofar as petitioner performed the function of a complaining witness." *Kalina v. Fletcher*, 522 U.S. 118, 131, 118 S. Ct. 502, 510, 139 L. Ed. 2d 471 (1997). The Fourth Circuit Court of Appeals held that a prosecutor is not protected by absolute immunity for his activities prior to a

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT~ 8

probable cause determination because he is not yet acting as an advocate. *See Goldstein v. Moatz*, 364 F.3d 205 (4th Cir. 2004).

The parties disagree over whether or not Treece was acting within the scope of his prosecutorial duties when he texted Sergeant Whol about Plaintiffs' behaviors. A finding that Treece was acting within the scope of his duties would be advantageous for Treece because he may then be afforded absolute immunity. However, the Court in *Kalina v. Fletcher*, 522 U.S. 118, 130-31, 118 S. Ct. 502, 510, 139 L. Ed. 2d 471 (1997) held:

> Testifying about facts is the function of the witness, not of the lawyer. No matter how brief or succinct it may be, the evidentiary component of an application for an arrest warrant is a distinct and essential predicate for a finding of probable cause. Even when the person who makes the constitutionally required "Oath or affirmation" is a lawyer, the only function that she performs in giving sworn testimony is that of a witness.

Plaintiffs argue both sides of the same issue to convince the Court that Treece was simultaneously acting as a prosecutor under color of law to make him liable under § 1983, but acting outside of his traditional role as a prosecutor, so that he would not be afforded the absolute immunity reserved for prosecutors carrying out their duties. Plaintiffs state:

> Although Treece was acting within the scope of his official duties as a Deputy Prosecuting Attorney, he chose to engage in conduct that was not within the traditional role of an advocate. Acting within the scope of one's duties as a deputy prosecutor and acting within the traditional

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT~ 9

role of a prosecuting attorney as an advocate are two very different things.

ECF No. 31 at 9.

Unlike in the *Kalina* case cited by Plaintiffs, where the prosecutor was able to be sued as a "complaining witness," Treece did not file a certification of probable cause to any court and was much less involved in the charges against Plaintiffs than was the prosecutor in *Kalina* who instead actively pursued the charges. Treece's text message and interview only set in motion an investigation conducted by law enforcement and pursued by a different deputy prosecutor, G. Mark Cipolla, which resulted in a finding of probable cause to arrest Plaintiffs based on evidence gathered from numerous witnesses. *See* ECF No. 22 at 3.

Treece's text message to police was only a statement of his observation: "There's a row of gangsters in the back row, east side of the courtroom who seem to be causing witness some problems," ECF No. 21-1 at 2. Treece did not apply for arrest warrants, certify anything to the court, or in any way participate in the investigation, arrest, or prosecution of Plaintiffs outside of his conveying his observations to the police. He was simply the first of a number of other witnesses who shared observations with police regarding the Plaintiffs, none of whom was a defendant in any of his then assigned cases. Therefore, Treece's sending a text message or talking to police regarding the same individuals were not actions taken

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT~ 10

within his prosecutorial duties or as part of his traditional role an advocate/prosecutor.

Accordingly, although Treece will not be afforded immunity, this Court finds that his actions were not taken "under color of law," a prerequisite for § 1983 liability. Plaintiffs have failed to provide any legal support for a viable § 1983 claim under such circumstances and summary judgment is appropriately granted regarding Plaintiffs' remaining § 1983 claim.

**False imprisonment claim against Treece**

> The essential elements to pleading a false imprisonment cause of action under Washington law are: (1) [t]hat there was an intentional restraint, confinement or detention of a person; (2) [t]hat such restraint, confinement or detention was unlawful; and (3) [t]hat such restraint, confinement or detention compels the person to stay or go somewhere against his or her will.

29 Wash. Prac., Wash. Elements of an Action § 11:1 (2015-2016 ed.).

As stated by the Washington State Supreme Court:

> The gist of an action for false arrest or false imprisonment is the unlawful violation of a person's right of personal liberty or the restraint of that person without legal authority:
>
> A person is restrained or imprisoned when he is deprived of either liberty of movement or freedom to remain in the place of his lawful choice; and such restraint or imprisonment may be accomplished by physical force alone, or by threat of force, or by conduct reasonably implying that force will be used. One acting under the apparent authority—or color of authority as it is sometimes described—or ostensibly having and claiming to have the authority and powers of a police officer, acts under promise of force in making an arrest and effecting an imprisonment.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT~ 11

*Bender v. City of Seattle*, 99 Wash. 2d 582, 591, 664 P.2d 492, 499 (1983) (internal quotation marks omitted).

Plaintiffs do not establish how Treece can be held liable under this claim when he only sent a text and made a statement to police. Between the sending of Treece's text and Plaintiffs' imprisonment, numerous officers conducted an investigation, witnesses were interviewed, and police applied for and received arrest warrants pursuant to a district court's determination of probable cause to arrest Plaintiffs. *See generally* ECF No. 22, 22-1. Even if this Court were to accept that Treece's text was completely dishonest, his sharing an untrue observation regarding individuals who would be arrested by police and prosecuted by other prosecutors, does not support a claim against him for false imprisonment. There were numerous intervening causes that resulted in Plaintiffs' arrest, *see* ECF Nos. 22 at 3, 22-1, and Plaintiffs fail to provide any evidence that Treece unlawfully restricted Plaintiffs' "liberty of movement or freedom to remain in the place of [their] lawful choice." *See Bender* 99 Wash. 2d at 591, 664 P.2d at 499.

**Malicious prosecution claim against Treece**[1]

> To maintain an action for malicious prosecution, the plaintiff must allege and prove five elements: (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of

---

[1] Plaintiffs combine their arguments for unlawful imprisonment and malicious prosecution in their response to the present motion, but they are separate claims.

the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damages as a result of the prosecution.

16A Wash. Prac., Tort Law And Practice § 22:2 (4th ed.). "The gist of an action for malicious prosecution . . . rests on malice and want of probable cause." *Bender v. City of Seattle*, 99 Wash. 2d at 591, 664 P.2d at 499 (citing *Peasley v. Puget Sound Tug & Barge Co.,* 13 Wash.2d 485, 498–99, 125 P.2d 681 (1942) and *Pallett v. Thompkins,* 10 Wash.2d 697, 699, 118 P.2d 190 (1941)). In this case, the charges were dismissed against Plaintiffs after they served time in jail, so this Court need only assess whether the first three elements of this claim are supported with sufficient evidence to allow a reasonable jury to find in their favor. *See Anderson*, 477 U.S. at 251.

    The Court finds that Treece's alleged conduct does not support a claim for instituting or continuing the prosecutions of Plaintiffs. Plaintiffs allege that Treece provided evidence to the investigating officers, but the prosecutions of the Plaintiffs were initiated after arrest warrants were issued upon a judicial finding of probable cause in light of all the evidence presented by police. *See* ECF Nos. 22, 22-1. Plaintiffs' cases were assigned to a different prosecutor and Treece had nothing to do with "continuing" the actions against Plaintiffs. *See* ECF No. 21. Additionally, Plaintiffs have not provided any evidence of malice on the part of Treece. "In the absence of any affirmative evidence whatsoever of improper

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT~ 13

motive or reckless disregard, an inference of malice is unwarranted as a matter of law." *Youker v. Douglas Cty.*, 162 Wash. App. 448, 465, 258 P.3d 60, 68 (2011). Plaintiffs, therefore, have not demonstrated how their version of the facts would be sufficient to allow a reasonable jury to find in their favor. *See Anderson*, 477 U.S. at 251. Accordingly, the claim of malicious prosecution against Treece is dismissed.

**False imprisonment and malicious prosecution claims against Spokane County**

Plaintiffs only respond to Defendants' Motion for Summary Judgment regarding these claims by arguing, "[b]ecause the facts support causes of action under state law against Treece, his employer, Spokane County, may also be held liable under the doctrine of respondeat superior." ECF No. 31 at 11. Plaintiffs concede that their evidence fails to establish any legitimate § 1983 claim against Spokane County pursuant to *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), but nonetheless proceed against Spokane County for state law claims based on the same facts underlying their previously filed § 1983 claims. *See* ECF No. 31 at 9.

The doctrine of respondeat superior was articulated in Washington in *Kuehn v. White*, 24 Wash. App. 274, 277, 600 P.2d 679, 681 (1979) when the court held: "[a] master is responsible for the servant's acts under the doctrine of respondeat

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT~ 14

superior when the servant acts within the scope of his or her employment and in furtherance of the master's business."

As previously discussed, this Court finds that Plaintiffs have failed to establish how Treece's texting and speaking to the police regarding charges that he was not involved in prosecuting support any of Plaintiffs' claims against him. The Court has found that all of the claims against Treece should be dismissed. Therefore, there is no basis for holding Spokane County liable for any of the alleged claims, even if Treece was acting within the scope of his employment.

## CONCLUSION

This Court finds that Plaintiffs have failed to raise a genuine issue of material fact and have failed to provide evidence sufficient to allow a reasonable jury to find in their favor on any of the claims.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

The District Court Clerk is directed to enter this Order, enter Judgment accordingly, provide copies to counsel, and **close this case**.

**DATED** this 9th day of December 2015.

                                    *s/ Rosanna Malouf Peterson*
                               ROSANNA MALOUF PETERSON
                               Chief United States District Court Judge