UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TVAR L. JACKSON; BARRY J. GARDNER; and ISRAEL L. JONES,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SPOKANE COUNTY; STEVEN KYLE TREECE; and STEVE TUCKER,<br><br>　　　　　　　　Defendants. | NO:  2:14-CV-142-RMP<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION RE: ORDER ON MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiffs' Motion for Reconsideration Re: Order on Motion for Summary Judgment, **ECF No. 50**.  The Court has reviewed the motion and the record, and is fully informed.

ANALYSIS[1]

---

[1] The factual background to this case is included in this Court's prior Order, ECF No. 48, and will not be repeated here.

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION RE: ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 1

Although Plaintiffs' counsel does not cite which law or rule he relies upon for this motion for reconsideration, the Court construes it as one brought pursuant to the Federal Rules of Civil Procedure 59(e) and 60(b). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000)). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Carroll*, 342 F.3d at 945 (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000))

Similarly, Rule 60(b) permits "reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing FED. R. CIV. P. 60(b) and *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985)).

Plaintiffs' motion fails to allege new facts or law, and largely re-litigates the same arguments raised prior to the Court granting summary judgment. However,

Plaintiffs seem to rely upon assertions of clear error pursuant to Rule 59(e) as the motion argues that this court committed "obvious error," ECF No. 50 at 1, and that the Order is "clearly contrary to well[-]established law," *id*. at 7.  Treating Plaintiffs' arguments as assertions of "clear error," the Court addresses each section of their motion in turn.

As a preliminary matter, the Court notes that the Court granted Defendants' motion for summary judgment on two alternative grounds.  First, Plaintiffs did not create a genuine issue of material fact regarding their material factual assertions due to a lack of evidence, and second, even if this Court took all of their bare allegations as true, which it did for the purpose of conducting a thorough analysis,[2] Plaintiffs failed to establish the applicability of the elements of the claims they alleged.  *See* ECF No. 48.

**Plaintiffs' Arguments #1 and #2**

Plaintiffs assert that "[t]he Court has committed obvious error by applying a subjective rather than an objective standard to determine whether probable cause exited (sic) to arrest Plaintiffs and whether Treece was entitled to qualified immunity."  *See* ECF No. 50 at 1.  Counsel's assertion of obvious error mischaracterizes the Court's Order and demonstrates a misunderstanding of why

---

[2] This was an unnecessary additional step due to Plaintiffs' lack of evidence.

Plaintiffs' claims could not have prevailed past the summary judgment stage.

Plaintiffs' entire case is based on the premise that Defendant Treece lied to police. There is no genuine issue of material fact regarding that assertion. Plaintiffs only provide bare, conclusory allegations of dishonesty, which, as this Court previously stated in explicit terms, is insufficient to survive summary judgment. *See* ECF No. 48 at 5.

Plaintiffs argue that "[b]y requiring Plaintiffs to somehow establish the 'invalidity of Treece's beliefs' through something other than the facts showing that the statements to police were false, the Court has committed such obvious error as to make reversal on appeal a virtual certainty." ECF No. 50 at 4. One of the deficiencies in Plaintiffs' case is precisely that it lacks "facts showing that the statements to police were false." As this Court previously stated, "summary judgment is appropriate when a plaintiff does not make a 'substantial showing' of deliberate falsehoods or reckless disregard, and only offers unsubstantiated assertions of dishonesty." ECF No. 48 at 5.

Plaintiffs base their claims on allegations of dishonesty, but assert that a reasonable jury should be able to decide if Treece was lying because they assert that "[t]he only relevant inquiry is whether a reasonable person in Treece's position would have believed Plaintiffs had engaged in criminal conduct." ECF No. 50 at 3. In order for that inquiry to be presented to a jury, Plaintiffs must first

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION RE: ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 4

1  provide sufficient evidence supporting their claims.  Bare assertions absent

2  evidence are insufficient to bring Plaintiffs' claims before a jury.  Therefore,

3  Plaintiffs' suit was properly dismissed upon summary judgment.

4      Plaintiffs' counsel's second argument mirrors his first as he alleges the

5  presence of sufficient evidence for Plaintiffs' claims under the assertion that this

6  Court applied a legal standard "that is both novel and contrary to common sense."

7  *Id*. at 3.  Counsel argues that Plaintiffs' case is supported by more than bare,

8  conclusory allegations because it "rest[s] on a common sense understanding that a

9  person who claims to have observed something that did not actually happen may

10 be lying." ECF No. 4.  While noting that Plaintiffs' counsel submits a bare,

11 conclusory allegation to argue that this case does not solely consist of bare,

12 conclusory allegations, the Court will clarify further.

13     To create a genuine issue of material fact regarding the truth of Treece's text

14 message, Plaintiffs needed to submit sufficient evidence supporting their assertion

15 that Treece's stated observations did not occur.  The Court is unaware of any law

16 that would support allowing a case to proceed to a jury trial without sufficient

17 evidence to create a genuine issue of material fact based on a plaintiff arguing that

"common sense" supports the validity of his assertions, or that "common sense" establishes the elements of a legal claim.

Furthermore, Plaintiffs' substantive arguments were previously submitted to the Court prior to this Court's granting summary judgment, and accordingly, fail to provide a proper basis for reconsideration.

**Plaintiffs' Argument #3**

Plaintiffs argue again that the evidence establishes that Treece was acting under the color of state law. *See* ECF No. 50 at 5. The Court has already thoroughly considered and rejected this argument. *See* ECF No. 48 at 10-11. Plaintiffs' counsel re-argues his interpretation of *Kalina v. Fletcher*, 522 U.S. 118, (1997), a case which this Court already distinguished from the present, and counsel mischaracterizes the explicit terms of this Court's Order. This Court did not hold, as Plaintiffs assert, "that a prosecuting attorney could never be sued under § 1983 under any circumstances." *See* ECF No. 50 at 5. Instead, the Court recognized the circumstances that were present in *Kalina*, where a prosecutor was able to be sued

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION RE:
ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 6

under 42 U.S.C. § 1983, and distinguished the facts of this case.  *See* ECF No. 48 at 8-11.

Beyond Plaintiffs' assertions that this Court's analysis was "torturous and illogical," ECF No. 50 at 5, their motion simply re-argues what has already been considered.  Such arguments do not support a proper motion for reconsideration.

**Plaintiffs' Argument #4**

Plaintiffs reiterate why their state law claims for unlawful imprisonment and malicious prosecution should not have been dismissed.  *See* ECF No. 50 at 7-8. Plaintiffs' arguments rely upon assertions that this Court has already considered and do not provide any just cause to reconsider the Order dismissing this case.  The Court nonetheless will address a few of Plaintiffs' arguments.

In part, Plaintiffs assert that this Court held that a defendant must personally engage in the restraint of an individual for there to be a claim of unlawful imprisonment.  *See id.* at 7.  This statement mischaracterizes the Court's finding. Rather, the Court stated that "Plaintiffs do not establish how Treece can be held liable under this claim when he only sent a text and made a statement to police," and that under the circumstances, taking all evidence in the light most favorable to

Plaintiffs, there could not be a viable claim for unlawful arrest against Treece. *See* ECF No. 48 at 12.

Additionally, the Court notes that the case that Plaintiffs cite to support their argument that Treece could be liable for inviting or participating in an unlawful arrest explicitly stated

> that liability will not be imposed when the defendant does nothing more than detail his version of the facts to a policeman and ask for his assistance, leaving it to the officer to determine what is the appropriate response, at least where his representation of the facts does not prevent the intelligent exercise of the officer's discretion.

*McCord v. Tielsch*, 14 Wash. App. 564, 566 (1975).

Plaintiffs also argue that the Court "clearly erred by dismissing Plaintiffs' malicious prosecution claims on the grounds that the evidence fails to establish malice," and that "[t]he fact that Treece lied to the police is sufficient to establish malice." ECF No. 50 at 8.  Plaintiffs' counsel's statement is not factual evidence; it is simply an assertion that this Court has already considered.  Additionally, Plaintiffs' motion does nothing to address the other shortcomings this Court found in their claim for malicious prosecution.  *See* ECF No. 48 at 12-14.  Therefore, even if the Court reconsidered its prior determination that Plaintiffs failed to

establish malice, which it does not, there were other grounds for dismissing that claim.

## CONCLUSION

Plaintiffs' counsel fails to provide any justification for this Court to reconsider its prior Order and simply reargues his opposition to Defendants' motion for summary judgment and his displeasure with the Court's Order. In light of counsel's assertion that the supposed "obvious" errors of this Court "make reversal on appeal a virtual certainty," *see* ECF No. 50 at 4, such arguments are properly directed to an appellate court, rather than being resubmitted to the Court that already has determined their lack of merit.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration Re: Order on Motion for Summary Judgment, **ECF No. 50**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 11th day of April 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION RE: ORDER ON MOTION FOR SUMMARY JUDGMENT ~ 9